**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (CA Bar No. 226112)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com

Attorneys for Plaintiff
INCORP SERVICES, INC.



**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **INCORP SERVICES, INC.,** a Nevada corporation, | Case No. 11-CV-4660-EJD-PSG |
| Plaintiff, | **STIPULATION AND [PROPOSED] ORDER CONCERNING DISCOVERY AND CONFIDENTIALITY** |
| vs. | |
| **INCSMART.BIZ, INC.,** a Nevada corporation; **DAVID OLIVER,** an individual; **MICHAEL LASALA,** an individual; and **DOES 1-10,** inclusive, | |
| Defendants. | |

This Stipulation and Order Concerning Discovery and Confidentiality ("Discovery Order") among Plaintiff Incorp Services, Inc. and Defendants Incsmart.biz, Inc., David Oliver, and Michael Lasala (individually a "Party," collectively the "Parties") by and through their counsel of record, is made in the above-captioned action with respect to the following recitals:

WHEREAS, the Parties expect that they will be requested to produce documents, provide testimony and/or otherwise disclose confidential, personal consumer, and/or proprietary business and/or financial information and/or other information that requires protection as confidential and/or proprietary trade secret information;

WHEREAS, the disclosure of any such confidential information within the Action is made solely for purposes of the Action and should not be used for any other purpose; and

WHEREAS, the Parties seek to establish procedures that will protect all confidential information while expediting the discovery process, limiting the occasion for discovery disputes regarding confidentiality and facilitating the disposition by the Court of any disputes that may arise in connection with discovery.

NOW, THEREFORE, it is hereby stipulated and agreed, by and among the Parties, through their respective counsel, as follows:

**A.     DEFINITIONS**

The following definitions shall apply to this Discovery Order:

1.     "Action" shall mean and refer to the above-captioned matter and all actions now or later consolidated with the Action, and any appeal from the Action.

2.     "Confidential Document" shall mean Documents that contain Confidential Information, that have not been publicly disclosed, and that the Producing Party (as defined below) designates as "Confidential" or "Confidential – Attorneys' Eyes Only" in the manner set forth in this Discovery Order; provided, however, that by agreeing to this Discovery Order, no Party waives the right to challenge any Producing Party's designation of any Document as "Confidential" or "Confidential – Attorneys' Eyes Only."

3.     "Confidential Information" shall mean confidential, personal consumer, and/or proprietary information that has not been made available to the general public that concerns or relates to proprietary, business and financial information, and/or any other information that the Producing Party contends should be protected from disclosure and that may be subject to a protective order under applicable law.

4.     "Designating Party" shall mean a person that designates a Document as "Confidential" or "Confidential – Attorneys' Eyes Only."

5.     "Document" means and refers to all things that come within the definition of "document" contained in Federal Rule of Civil Procedure 34(a)(1), including without limitation, documents of any kind, however reproduced and however transcribed; electronic recordings of any kind, including computer program files, data files, source code, CD-ROM or electronic mail; photographs or other visual or audio-visual recording of any kind, including still or motion pictures, microfilm, microfiche, videotapes or laser discs; and sound recording of any kind, including voice mail, cassette, microcassettes, or compact discs.   Every original draft, iteration or non-identical copy is a separate Document as that term is used herein.

6.     "Electronically Stored Information" means information created, manipulated, communicated, stored, and best utilized in digital form, requiring the use of computer hardware and software.

7.     "Legend" as used herein shall mean a stamp or similar insignia stating "Confidential" or "Confidential – Attorneys' Eyes Only," or other appropriate term or terms identifying the level of confidentiality of the Document.

8.     "Producing Party" shall mean the person producing Documents or providing testimony or other written discovery responses in the Action, whether informally or pursuant to the Federal Rules of Civil Procedure and any other applicable laws or rules of court.

9.     When reference is made in this Discovery Order to any Document, the singular shall include the plural, and plural shall include the singular.

**B.** **TERMS OF THE DISCOVERY ORDER**

1. Designation of Documents.

a. A Producing Party may designate non-publicly disclosed Documents as "Confidential" that the Producing Party reasonably and in good faith believes contains or refers to Confidential Information. Further, a Producing Party may designate non-publicly disclosed Documents as "Confidential – Attorneys' Eyes Only" that the Producing Party reasonably and in good faith asserts contains highly sensitive, competitive, confidential and/or proprietary business and/or financial information the disclosure of which to a Party would tend to create a competitive advantage to that Party in the market, and that therefore cannot be disclosed to anyone other than those persons set forth in Section B.2.c below without prejudicing the Designating Party.

b. A Producing Party may designate a Document as "Confidential" or "Confidential – Attorneys' Eyes Only" by affixing the appropriate Legend to all copies of the Document at the time of production, and/or by including such designation in an appropriate metadata field with the production of Electronically Stored Information. The Producing Party must make Document designations at the time of production or within a reasonable time thereafter if such designations are inadvertently omitted.

c. A Party may designate as "Confidential" or "Confidential – Attorneys' Eyes Only" a Confidential Document produced by someone else by informing in writing all Parties of the Bates-number of such Document within seven (7) days of that Party's receipt of the Document or within seven (7) days of the entry of this Discovery Order, whichever is later. All Parties receiving written notice of such designation shall affix the appropriate Legend to all pages of any copy or copies of such Document in their possession.

d. Any Party may designate a deposition or hearing transcript (or any portion thereof or exhibit thereto) as "Confidential" or "Confidential – Attorneys' Eyes Only" by: (i) making such designation on the record during the deposition or hearing (in which case the stenographer shall affix the appropriate Legend to the cover page and all

4

KRONENBERGER | ROSENFELD

150 Post Street, Suite 520, San Francisco, CA 94108

1  designated pages of the transcript and all copies thereof); or (ii) informing counsel for all

2  other Parties of such designation in writing within seven (7) days after receipt of the

3  transcript (in which case any Party in possession of an original or copy of the transcript

4  shall affix the appropriate Legend to the cover page and all designated pages and

5  exhibits).

6          2.      <u>Provisions and Limitations of Use</u>.

7          a.     All Confidential Documents in the Action shall be used solely for

8  purposes of the prosecution, defense, or settlement of the Action, including without

9  limitation discovery, motions, briefs, and preparation for the trial, and for no other

10  purpose, except as otherwise stated within this Discovery Order. This Discovery Order

11  does not affect the admissibility or the use of Confidential Documents or Confidential

12  Information.

13          b.     Unless the Designating Party agrees otherwise, and subject to the

14  other provisions of this Discovery Order, Documents designated "Confidential" and any

15  summaries, charts or notes made therefrom, and any facts or information contained

16  therein or derived therefrom, shall not be disclosed to any person except: (i) the Court

17  and its officers; (ii) Designated Counsel of record and employees of Designated Counsel

18  of record; (iii) the Parties to the Action (including any current employees, agents, officers

19  or directors of such Parties); (iv) independent contractors, experts, consultants or

20  advisors who are employed or retained by, or on behalf of, any of the Parties or counsel

21  for the Parties to this Action to assist in preparation of the trial; (v) stenographic reporters

22  who are involved in depositions or any Court hearings or proceedings; (vi) copy service

23  vendors; and (vii) any other person as to whom the Parties agree in writing that

24  disclosure is appropriate.

25          c.     Unless the Designating Party agrees otherwise, and subject to the

26  other provisions of this Discovery Order, Documents designated "Confidential –

27  Attorneys' Eyes Only" and any summaries, charts or notes made therefrom, and any

28  facts or information contained therein or derived therefrom, shall not be disclosed to any

KRONENBERGER | ROSENFELD

150 Post Street, Suite 520, San Francisco, CA 94108

persons except: (i) the Court and its officers; (ii) Designated Counsel of record and employees of Designated Counsel of record; (iii) independent contractors, experts, consultants or advisors who are employed or retained by, or on behalf of, any of the Parties or counsel for the Parties to this Action to assist in preparation of the trial; (iv) stenographic reporters who are involved in depositions or any Court hearings or proceedings; (v) copy service vendors; and (vi) any other person as to whom the Parties agree in writing that disclosure is appropriate.  Documents designated "Confidential – Attorneys' Eyes Only" and any summaries, charts or notes made therefrom, and any facts or information contained therein or derived therefrom, shall not be disclosed to in-house counsel.

d.      "Designated Counsel" as set forth in Section B.2.b.(ii) and B.2.c.(ii) above are limited to counsel of record in the Action.  Other than persons as expressly set forth in this Section, no other counsel shall be permitted access to Documents designated "Confidential – Attorney's Eyes Only" in this Action unless otherwise agreed to by all of the Parties in writing.  "Designated Counsel" does not include in-house counsel.

e.      Documents designated "Confidential – Attorneys' Eyes Only" shall not be disclosed to a Party, or to any officer, director, employee or agent of a Party, unless otherwise agreed by the Designating Party or Parties in writing.

3.      Duty to Inform of Order.  Unless the Designating Party agrees otherwise, Documents designated "Confidential" may be disclosed to persons referred to in categories, (i), (iv), (v), and (vi) of Section B.2.b, and Documents designated "Confidential – Attorney's Eyes Only" may be disclosed to persons referred to in categories, (i), (iv), and (v) of Section B.2.c, only after such persons have been provided with, and have reviewed, a copy of this Discovery Order.

4.      Persons Required to Sign Order.  Unless the Designating Party agrees otherwise, Documents designated "Confidential" may be disclosed to persons referred to in categories (ii), (iii), and (viii) of Section B.2.b, and Documents designated "Confidential

Case No. 11-CV-4660-EJD-PSG          6          **STIP AND [PROP] ORDER CONCERNING DISCOVERY AND CONFIDENTIALITY**

1  – Attorney's Eyes Only" may be disclosed to persons referred to in category (ii), (iii), and

2  (vii) of Section B.2.c, only after such persons have been provided with a copy of this

3  Discovery Order and have signed the certification attached hereto as Exhibit A. This

4  certification shall be retained by the counsel to the Party disclosing the Confidential

5  Documents or Confidential Information to such persons, and shall not be discoverable by

6  any other Party unless a dispute arises concerning an alleged violation of this Discovery

7  Order.

8       5.     <u>Copies</u>. Any person who obtains access to material designated as

9  "Confidential" or "Confidential – Attorneys' Eyes Only" under this Stipulated Discovery

10  Order shall not make copies, abstracts, extracts, analyses, summaries, or other materials

11  which contain, reflect or disclose Confidential Information, except for use in prosecuting

12  or defending the Action, and each such copy, abstract, extract, analysis, summary, or

13  other material which contains, reflects, or discloses Confidential Information is to be

14  treated in accordance with the provisions of this Stipulated Discovery Order. All copies of

15  material marked "Confidential" or "Confidential – Attorneys' Eyes Only" in accordance

16  with Paragraph B.2 of this Order shall again be marked with the respective designation if

17  the original mark was not reproduced in the duplicating process. In the event that copies

18  are made in accordance with the foregoing, all such copies shall constitute, and be

19  treated as, "Confidential" or "Confidential – Attorneys' Eyes Only" Documents as provided

20  in this Discovery Order. Any person making, or causing to be made, copies of any

21  "Confidential" or "Confidential – Attorneys' Eyes Only" Documents, shall make certain

22  that each copy bears the appropriate Legend pursuant to the requirements of this

23  Discovery Order.

24       6.     <u>Agreement to Maintain Confidentiality</u>. Unless and until otherwise ordered

25  by the Court, or otherwise agreed by the Parties, all Documents designated as

26  "Confidential" or "Confidential – Attorneys' Eyes Only" shall be treated as such under this

27  Discovery Order.

28  //

KRONENBERGER | ROSENFELD

150 Post Street, Suite 520, San Francisco, CA 94108

7. <u>Objections to Designation</u>. Following the receipt of Documents marked "Confidential" or "Confidential – Attorneys' Eyes Only," any Party may object to the designation of such Document and seek a modification of such designation by serving a written objection on the Designating Party. Thereafter, the objecting Party shall first make a good-faith effort to resolve such dispute with counsel for the Designating Party. If the objecting Party and the Designating Party are unable to resolve the objection, the objecting Party shall move the Court for an order with respect to the disputed information. The objecting Party's obligation to seek de-designation of Documents does not affect the Designating Party's burden to show that the Document is correctly designated as "Confidential" or "Confidential – Attorneys' Eyes Only." In the event that any Party files a motion to release a Document from a designation as "Confidential" or "Confidential – Attorneys' Eyes Only," the motion must be filed under seal to the extent it discloses designated information.

8. <u>Separate Discovery Order or Modification of This Discovery Order</u>. This Discovery Order shall be without prejudice to the right of the Parties to the Action to present a motion to the Court for a separate protective order as to any particular Document or information, including restrictions differing from those specified in this Discovery Order. In addition, this Discovery Order shall not be deemed to prejudice the Parties in any way in any future application for modification of this Discovery Order.

9. <u>Additional Disclosure</u>. If counsel wish to disclose "Confidential" or "Confidential – Attorneys' Eyes Only" material to any person not identified in paragraph B.2.b. or B.2.c. above, including without limitation, a person or party that produced the "Confidential" or "Confidential – Attorneys' Eyes Only" material, or any third party who was the author or recipient of material produced in this litigation that is designated "Confidential" or "Confidential – Attorneys' Eyes Only," they must proceed in the following manner: the names of the persons to whom "Confidential" or "Confidential – Attorneys' Eyes Only" material is to be disclosed shall be provided in writing to lead counsel for the Designating Party, along with the basis for their need to know, and a description with

1  reasonable specificity of the confidential material to be disclosed.  Counsel for the

2  Designating Party shall have seven (7) court days to object to such disclosure in writing.

3  If an objection to the disclosure is asserted by counsel to the Designating Party, the Party

4  wishing to disclose the confidentially-designated materials must apply for relief to the

5  Court.  Such material shall not be disclosed pending a decision by the Court on such

6  motion.  Prior to the disclosure of confidential material to any such person, the person

7  must agree to be bound by the terms of this Stipulated Discovery Order by signing the

8  certification in the form of Exhibit A hereto.  By such execution, the person represents

9  that he or she understands the terms of this Stipulated Discovery Order and that he or

10  she agrees to be bound by its terms.  The person will be shown only such identified

11  "Confidential" or "Confidential – Attorneys' Eyes Only" material as is essential to enable

12  him or her to render the assistance required.

13       10.  <u>Filing Confidential Material</u>.  No "Confidential" or Confidential – Attorneys'

14  Eyes Only" material shall be filed in the public record of the Action.  All material so

15  designated in accordance with the terms of this Stipulated Discovery Order that is filed

16  with the Court, and any pleadings, motions or other papers containing confidential

17  material, shall be filed in accordance with the procedures set forth by the Court for filing

18  documents under seal.

19       11.  <u>Inadvertent Production or Disclosure of Confidential Documents or</u>

20  <u>Information</u>.  The inadvertent production or disclosure of Confidential Documents or

21  Information by a Producing Party shall not constitute a waiver of any claim of

22  confidentiality where (a) the Producing Party notifies the receiving Party in writing of such

23  inadvertent disclosure within ten (10) business days of becoming aware of such

24  disclosure, and (b) within thirty (30) days of such notice, the Producing Party provides

25  properly redesignated Documents to the receiving Party.  During the thirty (30) day

26  period after notice, the materials shall be treated as designated in the Producing Party's

27  notice.  Upon receipt of properly redesignated Documents, the receiving Party shall

28  return all unmarked or incorrectly designated Documents to the Producing Party within

KRONENBERGER | ROSENFELD

150 Post Street, Suite 520, San Francisco, CA  94108

1  five (5) business days. All Parties, however, reserve all rights to challenge the

2  confidential status of such inadvertent production or disclosure.

3        12.   <u>Inadvertent Disclosure of Confidential Documents or Information to Third</u>

4  <u>Parties</u>. Upon learning that Confidential Documents or Information have been

5  inadvertently disclosed by a receiving Party to any person not authorized to receive them

6  by this Discovery Order, then the receiving Party shall: (a) immediately notify the

7  Designating Party; (b) use its best efforts to obtain the return of any such Confidential

8  Documents or Information and to bind such person to the terms of this Agreement; (c)

9  within seven (7) business days of the discovery of such disclosure, inform such person of

10  all provisions of this Discovery Order and identify such person to the Designating Party;

11  and (d) request that such person sign the certification attached hereto as Exhibit A. The

12  executed certification shall be served upon counsel for the Designating Party within ten

13  (10) business days of its execution by the person to whom the Confidential Documents or

14  Information was inadvertently disclosed. Nothing in this Paragraph is intended to limit

15  the remedies that the Designating Party may pursue for breach of this Discovery Order.

16        13.   <u>Subpoena of Confidential Document or Confidential Information</u>. If at any

17  time any Confidential Document or Confidential Information is subpoenaed, or otherwise

18  requested by any other person or entity purporting to have authority to require the

19  production of any such Document or information, the Party to whom the subpoena or

20  other request is directed shall give written notice within three (3) business days thereof to

21  the Designating Party and shall make no disclosure unless fourteen (14) court days have

22  elapsed from the date on which written notice was given without objection by the

23  Designating Party or unless the Designating Party has consented in writing.

24        14.   <u>Continuation of Protection After Disposition</u>. The termination of

25  proceedings in the Action shall not relieve any of the Parties from the obligation of

26  maintaining the confidentiality of all Confidential Documents and Confidential Information

27  produced and designated pursuant to this Discovery Order, unless all of the Parties

28  agree otherwise. The Court shall retain jurisdiction to resolve any dispute concerning the

KRONENBERGER | ROSENFELD

150 Post Street, Suite 520, San Francisco, CA 94108

use of information disclosed hereunder.  Within fourteen (14) court days of the final disposition of the Action, every Party shall certify in writing that the Party has destroyed all Confidential Documents and Confidential Information.

15.   <u>Inadvertent Production of Privileged or Protected Documents</u>.  If information subject to a claim of attorney-client privilege or work product protection is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product protection for such information. If a Party has inadvertently produced information subject to a claim of privilege or protection, upon written request made by the Producing Party within ten (10) business days of discovery of such inadvertent production, the information for which a claim of inadvertent production is made, including all copies, shall be returned within seven (7) business days of such request unless the receiving Party intends to challenge the Producing Party's assertion of privilege or protection.   All copies of inadvertently produced Documents shall be destroyed, and any Document or material information reflecting the contents of the inadvertently produced information shall be expunged.  If a receiving Party objects to the return of such information within the seven (7) business day period described above, the Producing Party may move the Court for an order compelling the return of such information.  Pending the ruling, a receiving Party may retain the inadvertently produced Documents in a sealed envelope and shall not make any use of such information.

16.   This Discovery Order may be executed in counterparts with the same force and effect as if executed in one complete document, and facsimile or scanned PDF copies of original signatures shall have the same force and effect as originals.

//

//

//

**STIP AND [PROP] ORDER CONCERNING DISCOVERY AND CONFIDENTIALITY**

KRONENBERGER | ROSENFELD
150 Post Street, Suite 520, San Francisco, CA  94108

17.     The Parties agree to be bound by the terms of this Stipulation pending entry of the Discovery Order by the Court.

Respectfully submitted,

DATED:  September 18, 2012               **KRONENBERGER ROSENFELD, LLP**


By:   s/ Jeffrey M. Rosenfeld

Jeffrey M. Rosenfeld

Attorneys for Plaintiff Incorp Services, Inc.


DATED:  September 18, 2012               **THE LAW OFFICES OF MICHAEL G. ACKERMAN**



By:   s/ Michael G. Ackerman

Michael G. Ackerman

Attorneys for Defendants Incsmart.Biz, Inc., David Oliver, and Michael Lasala


For good cause shown,

**IT IS SO ORDERED.**

DATED:  Ù^]c^{ à^¦¦Á¦Ë2012               By:  Paul S. Grewal

THE HON. PAUL SINGH GREWAL
United States Magistrate Judge

**STIP AND [PROP] ORDER CONCERNING DISCOVERY AND CONFIDENTIALITY**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ATTESTATION OF CONCURRENCE IN FILING

Pursuant to the General Order No. 45, section 45 X(B), for The United States District Court for the Northern District of California, I, Jeffrey M. Rosenfeld, hereby attest that the concurrence to the filing of the foregoing document has been obtained from Michael G. Ackerman who has provided the conformed signature above.

DATED: September 18, 2012          **KRONENBERGER ROSENFELD, LLP**


By:  ___s/ Jeffrey M. Rosenfeld_____
          Jeffrey M. Rosenfeld

Attorneys for Plaintiff Incorp Services, Inc.



150 Post Street, Suite 520, San Francisco, CA 94108

## EXHIBIT A
## NON-DISCLOSURE CERTIFICATION

I, _____, hereby declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Order Concerning Discovery and Confidentiality ("Discovery Order") that was issued by the United States District Court for the Northern District of California in the case entitled, *Incorp Services, Inc. v. Incsmart.biz, Inc., et al.,* Case No. 11-cv-05226-RS. I agree to comply with and to be bound by all the terms of this Discovery Order and I understand and acknowledge that failure to so comply may expose me to sanctions and punishment in the nature of contempt. I agree that I will not disclose in any manner any information or item that is subject to this Discovery Order to any person or entity except in compliance with the Discovery Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Discovery Order, even if such enforcement proceedings occur after termination of this action.

Dated:


SIGNATURE: _____



KRONENBERGER | ROSENFELD

150 Post Street, Suite 520, San Francisco, CA 94108