United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INCORP SERVICES, INC., | CASE NO. 5:11-cv-04660 EJD |
| Plaintiff(s), | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |
| v. | |
| INCSMART.BIZ, INC., et. al. | [Docket Item No(s). 68, 71] |
| Defendant(s). | |

Presently before the court are two matters: (1) Plaintiff and Counter-Defendant Incorp Services, Inc.'s ("Incorp") Motion to Dismiss a counterclaim asserted by Defendant and Counter-Claimant IncSmart.biz, Inc. ("IncSmart"), and (2) an identical Motion to Dismiss filed by both Incorp and fellow Counter-Defendant Tennie Sedlacek ("Sedlacek"). See Docket Item Nos. 68, 71. IncSmart has filed written opposition to the motions. See Docket Item Nos. 69, 76.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1331. The court has carefully reviewed the relevant pleadings and finds these matters suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the motion hearing scheduled for February 1, 2013, will be vacated. For the reasons explained below, the Motions to Dismiss will be granted.

### I. FACTUAL AND PROCEDURAL BACKGROUND

According to the Second Amended Complaint ("SAC"), both Incorp and IncSmart purport to provide a variety of company formation and registration services, including registered agent services, throughout the country. See SAC, Docket Item No. 54, at ¶¶ 2, 45. Incorp and IncSmart

1
CASE NO. 5:11-cv-04660 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

are each incorporated in the state of Nevada and are competitors. Id. at ¶¶ 15, 16, 46. Sedlacek is "represented to be the sole officer" of Incorp. See Answer & Countercl. ("Answer"), Docket Item No. 64, at ¶ 4.

On February 3, 2012, Incorp filed an amended Complaint against IncSmart which included, *inter alia*, a cause of action for violation of the Lanham Act, 15 U.S.C. § 1125(a). See Docket Item No. 17. This cause of action was carried over to the SAC. In sum, Incorp alleges that IncSmart does not provide registered agent and company formation and registration services in every state, contrary to its advertisements. See SAC, at ¶¶ 56-61. For this reason, Incorp asserts that IncSmart's are false and in violation of the Lanham Act.

IncSmart filed its Answer to the SAC on September 24, 2012, which included the counterclaim at issue. These motions followed.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff, or here a counter-claimant, to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). The factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

Claims which sound in fraud are subject to a heightened pleading standard. Fed. R. Civ. Proc. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); Swartz v. KPMG LLP, 476 F.3d 756, 765 (9th Cir. 2007) ("Rule 9(b) imposes heightened pleading requirements where 'the object of the conspiracy is fraudulent.'"). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not

just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). To that end, the allegations must contain "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz, 476 F.3d at 764. In other words, these claims must generally contain more specific facts than is necessary to support other causes of action.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "[Material which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555. But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

### III.   DISCUSSION

In moving for dismissal under Rule 12(b)(6), Incorp and Sedlacek make a two-fold argument: (1) that the counterclaim does not meet the Rule 8 pleading standard because, in the absence of some reference to the legal authority upon which the counterclaim is based, a cognizable cause of action cannot be determined solely from the factual allegations, and (2) the counterclaim does not meet the heightened pleading standard under Rule 9 to the extent IncSmart has alleged a claim sounding in fraud.

It is true that IncSmart did not, in its Answer at least, specify the statute or other authority it seeks to invoke through the counterclaim. Instead, IncSmart provided a collection of asserted facts without tying them to a particular cause of action. This method of pleading can sometimes be sufficient under Rule 8 because "[n]otice pleading requires the plaintiff to set forth in his complaint *claims for relief*, not causes of action, statutes or legal theories." Alvarez v. Hill, 518 F.3d 1152, 1157 (9th Cir. 2008) (emphasis preserved). "A complaint need not identify the statutory or

3
CASE NO. 5:11-cv-04660 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

constitutional source of the claim raised in order to survive a motion to dismiss." Id.

At the same time, however, factual allegations plead without direct connection to a particular legal theory must still establish a complete cause of action. This is because the court usually begins its dismissal analysis "by taking note of the elements a plaintiff must plead to state a claim" and then examines whether the alleged facts meet these elements. Iqbal, 556 U.S. at 675.

In its opposition, IncSmart indicates that the counterclaim "is identical to and based upon the same law as the claim plead by [Incorp] for false advertising under the Lanham Act, 15 U.S.C. § 1125(a)." Based on that representation, the court will confine its analysis accordingly.

"The elements of a Lanham Act § 43(a)[1] false advertising claim are: (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products." Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1139 (9th Cir. 1997).

With these elements as a guide, it is apparent that IncSmart has not stated a counterclaim for false advertising because it has not sufficiently alleged either a "false statement of fact" or pointed to a "commercial advertisement" containing such a fact. As it readily admits, IncSmart has attempted to assert a Lanham Act claim identical to that asserted against it by Incorp. To that end, IncSmart has alleged facts describing why it believes Incorp cannot validly offer its services in every state. But a description of that conduct is not enough to satisfy the elements of a false advertising claim because the elements of the cause of action require something specific. Unlike Incorp, IncSmart has not described a particular false statement asserted in a commercial advertisement.[2] Indeed,

---

[1] So as to avoid any confusion, the court notes that § 43 of the Lanham Act is codified at 15 U.S.C. § 1125(a).

[2] Incorp has alleged specific statements made on IncSmart's website which it contends are false, such as "Our Registered Agent service is for any entity in any state," and "IncSmart.biz can file the necessary paperwork to qualify your business as a foreign corporation or LLC in any of the

4
CASE NO. 5:11-cv-04660 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

IncSmart's allegations merely raise the *possibility* that Incorp has produced some type of commercial advertisement and the *possibility* that this hypothetical advertisement contains a false statement about the availability of its services.[3]

Plausibility under Rule 8 requires more than what IncSmart has provided in the counterclaim. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" Id. (quoting Twombly, 550 U.S. at 557). Such is the problem here.

With that said, IncSmart's counterclaim must be dismissed, albeit with leave to amend, because it does not provide the "fair notice" required by Rule 8. This result under the less stringent pleading standard renders unnecessary under its more stringent relative. It does not mean, however, that Rule 9 has no application here. Since the court understands IncSmart to assert that Incorp has intentionally misrepresented the nature of its business and its ability to operate and offer services in every state, it is "clearly analogous to a claim of fraud." Pestube Systems Inc. v. Hometeam Pest Defense, LLC, No. CIV-05-2832-PHX-MHM, 2006 U.S. Dist. LEXIS 34337, at *14, 2006 WL 1441014 (D. Ariz. May 24, 2006). IncSmart must therefore go beyond Rule 8 and meet the heightened pleading requirements provided by Rule 9 for any cause of action making similar assertions.

### IV. ORDER

Based on the foregoing, the Motions to Dismiss (Docket Item Nos. 68, 71) are GRANTED. IncSmart's counterclaim is DISMISSED WITH LEAVE TO AMEND. Any amended Answer and

---

50 states." See SAC, at ¶¶ 50, 52.

[3] On this point, most telling is the following allegation from paragraph 9, which is the only allegation in the counterclaim that alludes to the existence and content of an advertisement: "To the extent that Incorp's adds [sic] represent that Incorp employees offer registered services within the State of California and in any state within the United States other than the State of Nevada, such advertisements are false and fraudulent inasmuch as Incorp does not have any employees acting in any state other than the State of Nevada."

United States District Court
For the Northern District of California

1 | counterclaim submitted in response to this order must be filed on or before **February 15, 2013.**

2 | The hearing scheduled for February 1, 2013, is VACATED.

4 | **IT IS SO ORDERED.**

6 | Dated: January 30, 2013

EDWARD J. DAVILA
United States District Judge

United States District Court
For the Northern District of California